857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory CHAPMAN, Plaintiff-Appellant,
v.
Arnold J. HOPKINS, (Commissioner); Frank A. Hall, (Asst.
Commissioner); Howard Lyles, (Warden); PHP
Medical Staff, Defendants-Appellees.
 No. 88-6567.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 30, 1988.
Decided: Aug. 3, 1988.
 
 Gregory Chapman, appellant pro se.
 Paul T. Cuzmanes (Wilson, Elser, Moskowitz, Edelman & Dicker), for appellee PHP Medical Staff.
 Glenn William Bell, John Joseph Curran, Jr. (Office of the Attorney General of Maryland), for remaining appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gregory Chapman appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. The district court concluded that PHP Corporation, a private corporation providing health care to inmates at the Maryland Penitentiary pursuant to a contract with the State of Maryland, was entitled to summary judgment under this Court's decision in West v. Atkins, 815 F.2d 993 (4th Cir.1987) (private physician under contract to treat prisoners does not act under color of state law), rev'd 56 U.S.L.W. 4664, (U.S. June 20, 1988) (No. 87-5096). As an additional basis for granting summary judgment in favor of defendants, the district court found that none of the defendants was deliberately indifferent to Chapman's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 2
 The Supreme Court reversed our decision in West and held that private physicians under contract with a state to provide medical services to state inmates act under color of state law for Sec. 1983 purposes. West v. Atkins, 56 U.S.L.W. at 4667-68, (U.S. June 20, 1988) (No. 87-5096). To the extent, therefore, that the district court's judgment relies on our decision in West, the judgment is in error. We need not remand this case, however, because the record supports the district court's conclusion that none of the defendants was deliberately indifferent to Chapman's medical needs. We agree with the district court that Chapman's condition has not been ignored. The medical tests have simply not confirmed Chapman's subjective complaints.
 
 
 3
 Accordingly, we affirm the judgment of the district court and the district court's denial of Chapman's motion for reconsideration brought pursuant to Fed.R.Civ.P. 60. Chapman offered no reason in his motion requiring the district court to reconsider its earlier judgment. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.